UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH VERRIER,

Plaintiff,

v. Case No. 21-cv-428-pp

DR. MURPHY, *et al.*,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 5) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Joseph Verrier, who is confined at the Oshkosh Correctional Institution and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 5, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 5)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 20, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $20.85. Dkt. No. 7. The court received that fee on May 4, 2021. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

B. The Plaintiff's Allegations

The plaintiff states that he has filed this "new complaint" to accompany the complaint he filed in Verrier v. Murphy, *et al.*, Case No. 19-cv-1812-pp (E.D. Wis.). Dkt. No. 1 at 1.

In the complaint in Case No. 19-cv-1812-pp ("Verrier I"), filed on December 11, 2019 against eighteen defendants employed by the Wisconsin Department of Corrections at two different institutions and at its main office in Madison, the plaintiff alleged that, due to his ulcerative colitis, partial right knee replacement and arthritis in his knees and multiple broken/bulging lowers in his spine, the defendants' failure to place him on a low tier housing unit has put him at risk and resulted in two falls. In the complaint in *this* case, filed on April 5, 2021 against twenty-three defendants employed by the DOC at one institution and its office in Madison, ("Verrier II"), the plaintiff states that he included allegations in Verrier I that may not have been fully exhausted at the time he filed Verrier I. Dkt. No. 1 at 1. The plaintiff asserts that he now has exhausted his administrative remedies for all events and that he has fully exhausted the ongoing associated events. Id. The plaintiff states that on an ongoing basis, the defendants continue to violate his constitutional rights under the Eighth and Fourteenth Amendments as well as his rights under the Americans with Disabilities Act and the Rehabilitation Act, "directly related to

the events associated with" Verrier I. Id. at 1-2. He says that the complaint in Verrier II "provides an all-encompassing complaint to cover all the completed administrative remedies exhausted." Id. at 2. The plaintiff asks that this case be combined with the complaint in Verrier I and that the discovery completed under Verrier I be equally attributed to this new case "with new events and events previously included to reflect the timeline but for which the administrative remedies may not have been completed but as of this filing have been." Id. at 2.

The plaintiff then restates his allegations from Verrier I, id. at 2-14, and adds some new allegations about more recent alleged violations, id. at 14-16.

C. Analysis

In Verrier II, the plaintiff has filed a comprehensive complaint that includes all his allegations from the complaints he filed in Verrier I[1] along with new allegations. He asserts that he has fully exhausted administrative remedies for all the Verrier II allegations. The plaintiff correctly surmises that any claims from Verrier I that had not been exhausted when he filed that case likely would be subject to dismissal without prejudice on exhaustion grounds. See 42 U.S.C. §1997e(a); Chambers v. Sood, 956 F.3d 979, 984 (7th Cir. 2020) (premature lawsuit must be dismissed without prejudice, and prisoner must file a new suit after fully exhausting administrative remedies).

[1] In Verrier I, the plaintiff's motion for leave to file a third amended complaint is currently pending. He also has filed in that case several discovery-related motions.

While the court understands the plaintiff's desire to proceed in a single lawsuit that covers all his claims, it makes little sense to consolidate Verrier I and Verrier II as he suggests. Effectively, what the plaintiff has done in Verrier II is to file an amended complaint, but to file it as a separate case. The complaint in Verrier II covers all the Verrier I allegations and adds some. The defendant has named in Verrier II all the defendants he named in Verrier I[2] with one exception—in Verrier I he listed an unnamed correctional officer at Racine Correctional Institution who did something in 2016, although it is not clear what. Verrier I, Case No. 19-cv-1812, Dkt. No. 1 at 3. Based on the plaintiff's admission that he had not exhausted some of the claims he made in Verrier I before he filed that case, those claims are subject to dismissal. Consolidating the two cases would unnecessarily require the defendants to seek dismissal of exhausted claims, and then to respond to those same claims in the context of the more recent complaint. It would require the court to rule on the plaintiff's motion to amend the complaint in Verrier I when the complaint he filed in Verrier II covers the same claims and serves the same purpose. It would require the court to rule on motions that the complaint in Verrier II resolves, such as motions to name defendants that he appears to have named Verrier II.

[2] In the caption of the Verrier I complaint, the defendant listed a complaint examiner named T. Gillingham. While he did not list that complaint examiner in the caption of the complaint in Verrier II, he clearly intended Gillingham to be a defendant because he makes allegations against Gillingham in the body of the Verrier II complaint.

The cleaner option would be for the plaintiff to voluntarily dismiss Verrier I and to proceed only in Verrier II. Although the court realizes that much water has passed under the Verrier I bridge (and that the defendants already have put time and effort into filing *three* answers in that case and responding to numerous discovery motions), the consolidation option would require continued litigation of motions already filed in Verrier I as well as litigation of whatever motions arise in Verrier II. The parties may use the discovery they already have collected—there will be no need to conduct discovery again on the claims raised in Verrier I. The court would give the parties time to conduct discovery on the newer claims raised in Verrier II.

The court will give the plaintiff the opportunity to voluntarily dismiss Verrier I without prejudice. If the court dismisses Verrier I without prejudice, the pending motions in Verrier I will be mooted, and the plaintiff can start over with fully exhausted claims in Verrier II. The court will screen the complaint in Verrier II and, once the defendants answer the complaint, will set a schedule for completing discovery and for filing dispositive motions.

If the parties do not agree to voluntarily dismiss Verrier I without prejudice, then the court will proceed with Verrier I and will rule on the motions pending in that case. The court likely would order the plaintiff to file an amended complaint in Verrier II, limited to claims not already raised in Verrier I. Given the tangle of litigation that already has occurred in Verrier I, the court strongly encourages the parties to agree to voluntary dismissal and to proceed afresh in Verrier II.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **ORDERS** that as long as Verrier I remains pending, the plaintiff may not proceed on the complaint in this case because it is duplicative of the plaintiff's claims in Verrier I (Case No. 19-cv-1812).

The court **ORDERS** that the plaintiff may, by the end of the day on **July 27, 2021**, file a motion asking the court to voluntarily dismiss Verrier I (Case No. 19-cv-1812) without prejudice. If, by the end of the day on Tuesday, July 27, 2021, the plaintiff files a motion to voluntarily dismiss Verrier I, the defendants may respond to that motion by the end of the day on **August 3, 2021**. If the plaintiff moves to dismiss Verrier I (Case No. 19-cv-1812) without prejudice and the defendants do not object, the court will conduct a substantive screening of the entire complaint in this case.

The court **ORDERS** that if, by the end of the day on July 27, 2021, the plaintiff does not file a motion to voluntarily dismiss Verrier I (Case No. 19-cv-1812), or if he does file such a motion but the defendants timely object, the court will conduct a substantive screening only of any allegations in the complaint in this case that the plaintiff did not also raise in Verrier I (Case No. 19-cv-1812).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$329.15** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an

amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Warden at Oshkosh Correctional Institution.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[3] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[3] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 13th day of July, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**